# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NOE MARTIN CRUZ-SALMERON,<br><br>Defendant. | Criminal Action No. 04-507-01<br>RJL/DAR |

## REPORT AND RECOMMENDATION

On April 29, 2005, Defendant was sentenced to a period of incarceration 36 months, and a 36-month term of supervised release, upon his conviction of re-entry after deportation for an aggravated felony. Defendant's term of supervised release began on September 20, 2007.

According to the United States Probation Office, Defendant has incurred four violations of his conditions of supervised release. In a Form PROB 12C-DC filed on January 12, 2010 (Document No. 29), Defendant's assigned United States Probation Officer alleged that (1) on November 10, 2009, Defendant was arrested in Harlingen, Texas on a civil complaint of assault; (2) on the date of said arrest, Defendant was charged with "failure to identify" himself; (3) Defendant, at the time of said arrest, was in possession of a large machete, and (4) on December 21, 2009, Defendant was charged in the Southern District of Texas with illegal re-entry, as he returned to the United States following his deportation without legal authority.

In a PROB 12A-DC filed on September 17, 2010 (Document No. 36), Defendant's assigned United States Probation Officer provided a status report regarding Defendant's pending charges. The Probation Officer stated that Defendant was convicted of re-entry after deportation – the charge which was the subject of the fourth alleged violation – and was sentenced on July

29, 2010 to a period of incarceration of 37 months and a three-year term of supervised release.[*]

Defendant, his counsel, the assigned United States Probation Officer and an Assistant United States Attorney appeared before the undersigned United States Magistrate Judge on September 20, 2010 for a preliminary revocation hearing. Defendant conceded the fourth alleged violation. Defendant acknowledged that the applicable Sentencing Guidelines range is 12 to 18 months. Defendant did not oppose revocation, and asked that a sentence within the Guidelines be imposed. Defendant also asked that this court's sentence run concurrently with the Southern District of Texas sentence he is now serving. Defendant, through counsel, suggested that a sentence within that range would be unreasonable if it is consecutive to the Southern District of Texas sentence. Defendant asked that if the sentence is to be a consecutive sentence, then such sentence be limited to four months. In support of his request, Defendant offered several mitigating circumstances, including the fact that Defendant's aggravated felony conviction was for forgery, rather than a crime of violence.

The Probation Officer recommended that the court depart from the Sentencing Guidelines, and sentence Defendant to the statutory maximum term of 24 months, order that the term run consecutively to the sentence Defendant is now serving, and impose no further term of supervised release.

The Assistant United States Attorney did not support the recommendation of the United States Probation Office that Defendant be sentenced to the statutory maximum. Instead, the government requested a sentence at the high end of the Guidelines range, to be served

---

[*] A bench warrant was issued for Defendant's failure to appear for arraignment on the assault charge, although he was in custody at the time of the hearing. No formal charges were brought against Defendant with respect to the third alleged violation.

United States v. Cruz-Salmeron

consecutively to the sentence Defendant is now serving.

The Court finds, based on the representations made by counsel for the government, the assigned United States Probation Officer, and counsel for the Defendant, that Defendant has violated the conditions of his supervised release as alleged. Accordingly, the undersigned will recommend that Defendant's term of supervised release be revoked; that a sentence in accordance with applicable law be imposed; and that no further term of supervised release follow.

It is, this 23rd day of November, 2010,

**SO RECOMMENDED**.

/s/
DEBORAH A. ROBINSON
UNITED STATES MAGISTRATE JUDGE